## Davis v. Clifton, et al.

(Decided October 31, 1911.)

### Appeal from Owen Circuit Court.

1. Land—Ownership—Rival Claimants—Dismissal by One—No Bar to Final Proceeding.—In an action between two parties both claiming to be entitled to an interest in a certain tract of land or its proceeds, the fact that one of the parties was demanding a trial while the other claimed not to be ready, and asked for a continuance which the court refused to grant and the other party dismissed his claim without prejudice, such dismissal was in no sense a final judgment and is no bar to a final proceeding in the case.

2. Same—Statutory Provision—Transfer of Land—Absence of Valuable Consideration—Validity.—Under Kentucky Statutes, section 1907, providing that "every gift, conveyance, assignment, transfer or charge made by a debtor of, or upon any of his estate without valuable consideration therefor, shall be void to all these existing, liabilities, etc., when a person is indebted he cannot give his property to whom he pleases.

BOTTS, BERRY & LINDSAY for appellant.

J. H. SETTLE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In October, 1904, appellant recovered a judgment against J. H. Clifton for $124, on a note dated October, 1890. Several executions were issued on the judgment and returned "no property found." In October, 1910, this action was brought by appellant in equity against J. H. Clifton, Martha Clifton, his wife, and J. Holbrook, to have a deed from Clifton and his wife to Holbrook, and one from Holbrook to Martha Clifton, the wife, declared

fraudulent and void as to him, a creditor of J. H. Clifton. It appears that J. H. Clifton was declared a lunatic in 1905, and Martha Clifton was appointed his committee, and by an amended petition, she was made a party defendant as such committee. It was sought to subject this land to the payment of appellant's judgment, and to prevent appellees from claiming it as a homestead. It was charged that the claims which went to make up the amount of the judgment, were dated long prior to the date of the note of 1890, and prior to the purchase of the land by Clifton. It was also alleged that the land was worth $2,600. Appellees answered denying all fraudulent intentions, but did not deny the creation of the debt sued for before the purchase of the land. By another paragraph, appellees interposed a plea of res adjudicata; stating that in 1909 appellant had an execution levied upon a crop of tobacco and colt raised on the premises in contest, which was before the conveyance from Holbrook to Martha Cilfton; that she claimed the tobacco and colt in that action, and by some agreement between the parties, the officer sold the property and the purchaser was to hold the purchase money until it was determined whether appellant or Martha Clifton was entitled to it. Appellant filed a pleading in that action setting up his judgment and all the fraudulent acts complained of in the petition in the case at bar and claimed that he was entitled to the fund. Martha Clifton contested the matter, claiming that she was entitled to the fund. It appears that at term of court in the year in which the pleadings were filed in that action, Martha Clifton was contending for a trial and Davis claimed not to be ready and asked for a continuance which the court refused to grant, and Davis dismissed his claim without prejudice. This was in no sense a final judgment, and, therefore, constitutes no bar to appellant's proceeding in this case.

The facts complained of with reference to the deeds are: The first deed was made by Clifton and wife to J. Holbrook on October 21, 1904. It appears to be a deed in the usual form conveying the fee simple title to Holbrook for the sum of $715, but at the same time the deed was executed, Holbrook executed a writing to J. H. Clifton and Martha Clifton by which he agreed that if Clifton paid him the amount named in the deed and interest, he would re-convey the land to Martha Clifton. The writing also authorized Holbrook to collect certain in-

terest that J. H. Clifton had in his father's estate and apply it to the payment of the land, and it appears that Holbrook had collected some of this account and that Mrs. Clifton had also paid him some. In April, 1906, Holbrook did convey the land to Martha Clifton, reserving a lien for the unpaid part of the purchase money, $300.

Considering the pleadings and testimony, we are of the opinion that the land is worth more than $2,000. The writing from Clifton and wife to Holbrook has all the ear marks of a deed, but, in fact, it is not. The separate writing executed simultaneously therewith shows it to be a mortgage. The authorities are numerous on this point, but we deem it unnecessary to cite them.

Appellees also pleaded the six months Statute of Limitations. That statute applies in cases where a person by some act or acts prefers a creditor, which act will result in an assignment of his property for the benefit of all his creditors if an action is instituted within six months after the act is done. By this action, appellant is not endeavoring to have the mortgage to Holbrook declared a preferential act, therefore, the plea of the Statute of Limitations has no application in this case. The claim in this action is that Clifton and wife by fraud and combination took the method stated to get the title of the land out of J. H. Clifton and into his wife, Martha Clifton. There is no claim that such action was barred, as the alleged fraudulent deed was made in April, 1906, and the action was brought in October, 1910, and the facts are such as bring the case within the five year statute.

We have a case where it appears that Clifton created a debt, for which he is sued, prior to the time be became the owner of the land described in the petition, and which is worth more than $2,000, and he and his wife mortgaged it to Holbrook who conveyed it to Martha Clifton, the wife. The facts show that Clifton paid for the land, but they deny that they did any of the acts complained of with a fraudulent purpose. Section 1907, Kentucky Statutes, however, provides:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration therefor, shall be void as to all then existing liabilities," etc.

When a person is indebted, he cannot give his property to whom he pleases; the section of the statute just

referred to declares all such conveyances void as against all his then existing creditors.

It is evident that when this mortgage was executed to Holbrook, it was the purpose of Clifton and wife to have the title to the land conveyed to Mrs. Clifton. It is recited in the writing executed at the same time, that—

"Whereas, it is the desire of the parties hereto for Martha A. Clifton, one of the parties of the second part to become the owner of the land so conveyed," etc.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.